DUSTON ADAMS, Appellant, v. J. W. LEWELLEN, Respondent.

**Kansas City Court of Appeals, March 5, 1906.**

**TAXBILLS: Payment: Agreed Statement: Duties of City Treasurer.** An agreed statement between plaintiff and defendant showed that the special taxbook was marked "paid and satisfied," though subsequently there was an entry that the satisfaction belonged to another lot and not to the one in controversy. *Held,* the "paid and satisfied" entry on the tax book defeated the action and the subsequent entry was beyond the power of the treasurer to make, if in fact he did make it.

Appeal from Jackson Circuit Court:—*Hon. Shannon C. Douglass,* Judge.

AFFIRMED.

*E. E. Steele* for appellant.

(1) The special taxbill in question was a lien upon the lot from the date of its issue for the period of two years thereafter, unless it was paid in the meantime. Section 18, article 9, Charter of Kansas City. (2) The lien continues until actual payment of the bill to the owner of it, or to the treasurer, as provided by the charter and until payment was made he had no power to release. Iverdens v. Schrimpt, 77 Mo. 383-387; Seeberling M. & Co. v. Tipton, 113 Mo. 373; Ruppel v. Saving Assn., 158 Mo. 613, 59 S. W. 1000-1003; Sells v. Tootle, 61 S. W. 579-582. (3) The taxbill was not defeated by alienation, but overrides the title acquired by Lewellen to the lot with or without notice. The lien followed the land into his hands until discharged by payment, lapse of time or otherwise. 25 Am. and Eng. Ency. of Law (1 Ed.), 276, and authorities cited in note 2. (4) Misconduct or mistake on the part of treasurer in marking the taxbill lien satisfied when the bill was unpaid, will not prejudice the owner of it. 25 Am. and Eng. Ency. of Law (1 Ed.), 424, page 412, note 5;

Bruce v. Bonney, 12 Gray (132 Mass.) 107; Harris v. Cook, 28 N. J. Eq. 345.

*Hamner, Hamner & Calvin* for respondent.

(1) It is, and was agreed that the taxbill sued upon herein was paid, not only marked paid, but was actually paid, and the lien continued no longer under appellant's statement of what his authorities contain. It is admitted this bill was paid to the city treasurer, and he had authority to receive the same, and this was a payment of the bill. Sec. 18, art. 9, Charter of Kansas City (cited by the appellant, also introduced in evidence by respondent).

BROADDUS, P. J.—This suit is to enforce the lien of taxbill number 10, against lot 9, block 1, Altamont addition to Kansas City. The case was tried upon an agreed statement of facts. The judgment was for the defendant, and plaintiff appealed. At the time the improvements were made, it does not apear from anything in the record who was the owner. But it is agreed that the defendant purchased the property after the improvements were made and that the plaintiff purchased the taxbill from contractor Schoonmaker after defendant became such owner. It was further admitted that the taxbill was regular in every respect and created a lien aganst the said lot. It is also admitted that prior to the time defendant purchased the lot, to-wit, on February 11, 1901, the owner of the lot, at the time the improvements were made and when the lien of the taxbill attached, "paid the city treasurer of Kansas City $36.50 in full of taxbill No. 10, described heretofore, and which was a taxbill against lot 9, North Altamont addition, and therefore she was given receipt No. B 16219; and that the special taxbook No. 23, at page 563, and opposite to the record of taxbill number 10, sued on herein, was marked 'paid and satisfied;' and that on April 23, 1901, at the time J. W. Lewellen purchased said prop-

erty . . . said record showed said taxes to have been paid and said receipt to have been given therefor; . . that afterwards, and about one year after said Lewellen had purchased said property, said record No. 23 of special taxbills was marked in ink with the following indosement: 'This bill is not paid. This satisfaction belongs to lot 8, North Altamont; owner of ppy. notified. Suit commenced Oct. 28, '02. Notice filed Oct. 28, '02—Duston Adams v. J. W. Lewellen et al., in the circuit court of Jackson county, Missouri.'"

Plaintiff, in his agreed statement of facts, wherein he admitted that taxbill No. 10, which was a lien on lot 9, was paid on the 11th day of February, 1901, to the city treasurer, received a receipt therefor (and that an entry was made in the proper place on the special taxbook, "paid and satisfied," he admitted himself "out of court." The city charter (section 18, article 9), provides: "Any person owning or interested in any lot may pay the taxbill to the city treasurer . . . and he is required to cancel and mark paid the amount of said tax so paid on the record." Everything seems to have been carried out in the manner pointed out by the charter and is prima facie evidence, if not absolute proof, of payment.

All that plaintiff has to offer as against these admitted facts is the subsequent writing on the special taxbook record, which does not bear the impress of authority, and there was no evidence that it was entered by the city treasurer. For aught that appears in the agreed statement of facts, it may have been made by a person other than said officer. If it had been made by him, it would have no legal significance. If the payment had been a mistake and was intended to be made on another taxbill, of which there is not a particle of evidence, he had no legal power to change the record he had already made. Other questions raised are unimportant.

Affirmed. All concur.